FANNY A. COLLINS, RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence — when railroad company liable for fires occasioned by sparks — Payment of insurance on property — cannot be proved in mitigation of damages.*

The fact that property in the vicinity of a railroad is consumed by fire originating from sparks emitted from a passing locomotive, does not necessarily imply that the railroad company has been guilty of negligence.

Where, upon the trial of this action, brought to recover damages sustained by a fire occasioned by a spark emitted from the smoke-stack of one of defendant's locomotives, evidence was given tending to show that the engine was of the first-class, fitted with the most approved kind of spark arrester in use, and that it was in good order on the day of the fire, and that the escape of sparks from engines when in motion cannot be wholly prevented: *held*, that it was error in the court to refuse to charge that unless there was some defect in the smoke-stack or spark arrester from which the sparks escaped, the defendant was not liable.

In an action to recover the value of property destroyed by a fire occasioned by the negligence of the defendant, the fact that the property was insured and that the insurance company has paid the loss, cannot be given in evidence in mitigation of damages.

*Merrick* v. *Brainard* (34 N. Y., 208) followed.

APPEAL from an order of the Special Term, denying a motion for a new trial made upon a case and exceptions.

The action was brought to recover the value of a barn destroyed by a fire lighted by a spark from one of defendant's engines.

*Jas. M. Willett,* for the defendant.

*J. H. White,* for the respondent.

E. DARWIN SMITH, P. J. :

The defendants, being authorized by the legislature to operate their railroad by steam power (chap. 140, § 28 of the general railroad act of 1850, p. 223), have consequently a lawful right to use fire and water for the purpose of creating steam. They can be liable for such use of fire only upon the ground of negligence. They are doubtless bound in using fire for the said purpose, to use it in a prudent manner, and with the utmost care, and are liable for the neglect of such care, to any person injured by such neglect. The law on this point was, I think, properly stated to the jury in the charge of the learned judge who tried this cause at the Circuit; and he held correctly also, that this question of negligence belonged to the jury. The only question reviewable, I think, upon the case, arose upon the exceptions taken to the charge of the judge, and to refusals to charge as requested.

The plaintiff's barn was unquestionably consumed by fire originating from sparks emitted from the defendants' locomotive. But I

think this fact did not necessarily imply that the defendants were guilty of negligence, and that the defendants' request to the Circuit judge so to charge should have been complied with. (Wharton on Negligence, § 869; *Sheldon* v. *Hudson R. R. R. Co.*, 29 Barb., 227; S. C., 4 Kern., 224.) Notwithstanding the fact that sparks were emitted from the engine, which caused the fire, there was evidence in the cause tending to show that the smoke-stack of the said engine and the spark-arrester thereon, were in good order at the time of the fire. In respect to such evidence, the counsel for the defendants requested the court to charge the jury, that unless they should find that there was some defect in the smoke-stack or spark-arrester, from which the sparks escaped which burned the building, then there was no evidence in the case upon which they could find that the defendants were guilty of negligence which contributed to the accident. The judge said he thought in his charge he had covered the whole subject, and he hardly thought he was called upon to parcel out the case into separate fragments and say what one fragment amounted to, and what another, and further observed, that unless there was some amount of care that was required in running this engine — unless from that negligence the accident occurred — the company was not liable.

The counsel for the defendants then stated to the court that his request was, that unless the jury found the engine was defective when the sparks escaped, the defendants were not liable. The judge then said in reply, that if the smoke-stack and spark-arrester were so that the sparks could not get out, and that was the only place he had heard suggested, of course they were not liable. This response hardly met the point of the request. The counsel was entitled to have his request answered explicitly by the court. The point of the request was, that if the engine was not defective, was in proper order as such engines are constructed and in use, as complete and perfect as they are made, the company was not liable, although sparks might, to some extent, or in some degree, have escaped from it. It was in proof that the engine was a first-class engine, fitted with the most approved kind of spark-arrester in use, and that sparks do escape from all engines more or less when in motion, and when in all respects in good order, and that no means have yet been discovered or devised to prevent such escape; and

there was proof that this engine was frequently inspected, and was in good order on the day of the fire. The evidence upon this point was sufficient, I think, to call upon the judge to answer distinctly the request to charge, that if said engine was not defective when the sparks escaped, the defendants were not liable. There was no other way or course suggested for the escape of the sparks, except the smoke-stack, and if this was in perfect order, and in as good condition to prevent the escape of sparks as could be made, or were made and in use, the defendants had done all their duty, and could not be held guilty of negligence.

The defendants are not responsible for accidents caused by fire in the use of their locomotives, if they use all due and proper care and caution to prevent such fires. (*Rood* v. *The N. Y. and Erie R. R. Co.*, 18 Barb., 80.) They are entitled to run their locomotives at all times, and in all weather, and in all states of the weather, to fulfill their duty and obligations to the traveling public. The plaintiff lived near the rairoad, and was bound to know that such road was largely used by engines propelled by steam, and that there was constant danger from fire from sparks from the locomotives, and was bound to take due precautions on her part, not to expose her property to danger by allowing any combustible matter to be collected and remain thereon, in dangerous proximity to said road.

The offer to show, in mitigation of damages, that the plaintiff had duly protected herself from loss by insurance to the amount of $200, and had received the insurance money, was made and overruled at the Circuit, and the defendants' counsel excepted. I should have thought this evidence admissible, as held by Lord CAMPBELL in his charge to the jury, contained in a note to the case of *Pym, Administratrix*, v. *The Great Northern R. R. Co.* (116 English Com. Law, 401), if it were an open question, but I think the case of *Merrick* v. *Brainard* (38 Barb., 574, affirmed in the Court of Appeals, in 34 N. Y., 208), requires us to hold otherwise. I cannot conceive upon what principles a party is entitled to recover in damages a greater amount than sufficient to fully indemnify him for his loss, except where he is entitled to recover punitive damages for a willful wrong. Railroad companies are held, and should be, by the courts, to the strictest responsibilities in such case, and

required to use the greatest care to guard against accidents, but when they have done so, and injuries occur, they are *damnum absque injuria.*

Negligence in this class of cases, as in all others, is not to be presumed, but must be clearly proved. (Wharton on Negligence, §§ 869, 870, 872.)

There should therefore be a new trial, with costs to abide the event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment reversed, and new trial granted, costs to abide event.